ANNIE P. LIVINGSTON, AS EXECUTRIX OF THE ESTATE OF PHILIP LIVINGSTON, DECEASED, APPELLANT, *v.* ASA CURTIS, RESPONDENT.

*Discovery of books — when allowed.*

The plaintiff's testator, shortly before his death, and while in feeble health, had a settlement of his partnership affairs with the defendant. Subsequently he told plaintiff that one important credit, at the least, had been omitted. After his death, plaintiff applied to defendant for, but was denied permission to examine the books. Subsequently she applied for a discovery of the books, in order to enable her to frame her complaint in this action, brought to correct the accounts. *Held,* that the application should be granted.

*Platt* v. *Platt* (11 Abb. [N. S] 110) reversed.

APPEAL from an order denying an application for a discovery of partnership books, and from an order denying an application for the examination of the defendant.

*Adolphus D. Pape*, for the appellant. The discovery is indispensable to enable the plaintiff to frame her complaint. She is therefore entitled to the relief prayed for. ( *Woods* v. *De Figaniere*, 25 How., 522 ; *Low* v. *Graydon*, 14 Abb., 443 ; *Pegram* v. *Carson*, 10 id., 340.) Defendant cannot evade this examination and discovery by averring that the plaintiff has no cause of action, and that the partnership books contain no evidence or entries bearing upon his relations with Philip Livingston, when the latter was his partner. The books themselves are the best evidence, and the fact that they are books kept by the defendant for the purpose of recording the partnership transactions is sufficient refutation of such an averment. (*Shepmoes* v. *Bowsson*, 52 How. Pr., 405, and cases therein cited ; *Bailey* v. *Dean*, 5 Barb., 297 ; *McIntyre* v. *Mancius* 16 Johns., 592.)

*Stephen A. Walker*, for the respondent. To grant a general inspection on the ground of mistake or fraud concerning the dissolution, is to allow all the relief before trial that could be had after judgment in favor of the plaintiff. (*Platt* v. *Platt*, 11 Abb. [N. S.], 110, Gen. Term, first district.) An order for inspection is not granted in chancery, under the Revised Statutes or under the Code, merely to discover whether there is a cause of action, but only to substantiate one known to exist. (*Jackling* v. *Edmunds*, 3 E. D. S., 548 ; *Hoyt* v. *Am. Ex. Bk.*, 1 Duer, 652 ; *Commercial Bk.* v. *Dunham*, 13 How., 541 ; see note to 1 Abb. N. C., 335, *Glenny* v. *Stedwell ; Elmore* v. *Hyde*, 2 id., 135.) It is the uniform practice in this district to refuse applications to compel the production of books and papers on the examination of a party before trial. (*Hauseman* v. *Sterling*, 61 Barb., 347.)

DANIELS, J. :

The applications made were supported by peculiar circumstances. The plaintiff is the executrix of her deceased husband, who up to a few months previous to his decease was a copartner with the defendant. A settlement was had with him while he was in a

feeble condition, in which he afterwards informed the plaintiff that at least one important credit had been omitted. And she believing the information to be correct, after being denied the opportunity to have the books of the firm examined, in order to test the accuracy of her information on the subject, brought this action to correct the settlement. For the purpose of entitling herself to an order allowing the partnership books to be examined, she showed that the settlement with her husband, and the sale of his interest to the defendant took place when his health was feeble, and on that account he was unable to devote critical attention to the business transacted. He was for that reason peculiarly liable to be mistaken, and under the circumstances, exceedingly apt to rely upon any assurances which might be given to him, and the persistent opposition of the defendant to an examination of the books and accounts of the firm has a direct tendency to support the conclusion that some mistake of the nature of that alleged, had intervened in the settlement that was made. The defendant denied that such was the case, and may be entirely accurate in that denial. But it is not the object of the law to sanction the trial of these disputes upon the conflicting affidavits of the parties. Another mode has been provided for that purpose, in which the facts are to be exhibited upon which the conclusions must be placed by a disinterested tribunal.

The facts set forth by the plaintiff, if established, would constitute a cause of action; and she believes they can be established by an examination of the partnership books. To them and the memory of the defendant she desires to appeal for evidence to support her claim, and enable her to frame her complaint with the degree of particularity required by the practice of the courts. Without the inspection she has shown her inability to do that, and if that is denied her, the action contemplated and already begun, must necessarily fail. These facts were sufficient to bring her application for the discovery within the provisions made by the established rules of this court upon this subject. The authorities relied upon by the defendant's counsel, do not require or justify a denial of that application. The only one directly opposed to it is that of *Platt* v. *Platt*, (11 Abb. [N. S.], 110), in which it seems to have been held under circumstances somewhat similar to those now presented, that the examination of the books can only be had after judgment. Such

an examination can be of no practical benefit to the plaintiff, and the authority is in direct conflict with the rules of the court, which allow it to be ordered for the purpose of enabling the plaintiff to frame her complaint. (Rule 18, sub. 1.)

The order denying the application for an inspection and examination of the partnership books should be reversed, and an order directed requiring the books and papers of the firm to be produced and subjected to such inspection and examination for such a period of time as will enable the plaintiff to have them thoroughly examined by any competent person selected by her for that purpose.

While that may be proceeding, no necessity for the examination of the defendant appears to exist. After it has been had, that may become manifestly proper. For that reason, the order denying that application should be so modified as to permit its renewal hereafter if that shall prove to be necessary.

Both orders affect substantial rights, and as such are appealable, as the Code upon this subject has been construed by the Court of Appeals. The first order should be reversed, and the second modified as already suggested, but without costs to either party.

DAVIS, P. J., concurred.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Order denying application for discovery of partnership books reversed, and order denying application for examination of defendant modified, as suggested in opinion.